In re **TWELVE OAKS, LTD.**, a Florida Limited Partnership, **Debtor.**

**TWELVE OAKS, LTD.**, a Florida Limited Partnership, **Plaintiff,**

v.

**FLORIDA NATIONAL BANK**, a National Banking Association, et al., **Defendants.**

**Bankruptcy No. 85–402–BK–J–GP. Adv. No. 85–148.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 15, 1986.

### ORDER DENYING PLAINTIFF'S MOTION FOR REHEARING AND CLARIFYING ORIGINAL ORDER

GEORGE L. PROCTOR, Bankruptcy Judge.

THIS CAUSE came on to be heard upon Plaintiff's Motion For Rehearing and Clarification of Order Entered April 10, 1986. Upon consideration of counsels' argument and memoranda, it is ORDERED that:

1. Plaintiff's request for a rehearing as to the determination of the validity of Defendants' Lane Aerial Platforms and

Equipment Rentals, Inc. and Turner-Jones Specialty Co., Inc. mechanic's liens is denied, and the validity of said mechanic's liens is upheld.

2. This Court's prior order of April 10, 1986, is clarified to hold that Defendants Michael C. Williams and Steven N. Larson and Joann G. Larson do not claim under a mechanic's lien, but rather pursuant to Purchase Agreements for the purchase of condominium units on the Twelve Oaks project. These three Defendants thus hold positions which are subordinate and inferior to those claims of Defendants possessing valid mechanic's liens.